[835 NYS2d 623]

In the Matter of JOSEPH G. AMATO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 24, 2007

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated December 29, 2005, containing two charges of professional misconduct. After a scheduled hearing on August 4, 2006, at which the respondent failed to appear, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither submitted a reply to the Grievance Committee's motion nor requested additional time in which to do so.

Charge One alleges that the respondent has engaged in a pattern and practice of failing to cooperate with the Grievance Committee's investigation of complaints of professional misconduct filed against him, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated November 5, 2004, the Grievance Committee directed the respondent to reregister as an attorney and to submit proof of his reregistration and an answer to a sua sponte investigation within 30 days. The respondent failed to comply or to request additional time in which to do so. By letter dated December 20, 2004, sent via regular and certified mail, the Grievance Committee again directed the respondent to reregister and to submit an answer within 10 days. The respondent still failed to comply.

By letter dated February 28, 2005, the Grievance Committee again directed the respondent to comply with the attorney

registration requirements within 15 days of his receipt of that letter and to provide evidence, as directed. The respondent again failed to comply.

By letter dated March 11, 2005, the Grievance Committee directed the respondent to provide, within 10 days, records and information regarding an investigation of a complaint of professional misconduct filed against him by Judith Friedman. The respondent failed to provide the requested records and information or to request additional time in which to do so.

By letter dated April 15, 2005, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Linda Zamplione. The respondent failed to either submit an answer or to request additional time in which to do so. By letter dated April 15, 2005, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Ann Elie. The respondent failed to either submit an answer or to request additional time in which to do so.

By letter dated April 19, 2005, the Grievance Committee requested that the respondent provide records and information regarding the Friedman complaint and comply with the attorney reregistration requirements, with proof thereof, by May 2, 2005. The respondent failed to comply or to request additional time in which to do so.

By hand-delivered letter dated May 11, 2005, the Grievance Committee directed the respondent to submit the previously requested responses within 10 days. The respondent still failed to comply.

By letter dated May 25, 2005, sent via certified and first class mail, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Albina Miceli. The respondent failed to either submit an answer or to request additional time in which to do so.

By letter dated June 2, 2005, sent via certified and first class mail, the Grievance Committee directed the respondent to appear at its offices on June 27, 2005, to give testimony concerning the complaints against him. In response to this letter, the respondent failed to either appear as directed or to contact the Grievance Committee in any way.

By letter dated July 7, 2005, sent via certified and first class mail, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Dar-

lene Lewis. The respondent failed to either submit an answer or to request additional time in which to do so. By letter dated July 7, 2005, sent via certified and first class mail, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Rabia Salem. The respondent failed to either submit an answer or to request additional time in which to do so.

By letter dated July 21, 2005, sent via certified and first class mail, the Grievance Committee directed the respondent to answer by August 8, 2005, its sua sponte complaint involving the respondent's failure to cooperate with the Grievance Committee. The respondent failed to answer or to request additional time in which to do so. In the same letter, the Grievance Committee directed the respondent to submit an answer to each unanswered complaint by August 8, 2005. The respondent failed to either submit an answer or to request additional time in which to do so.

By letter dated September 28, 2005, sent via certified and first class mail, the Grievance Committee requested the respondent to answer, within 10 days, a complaint filed against him by Prima Vera Esposito. The respondent failed to either submit an answer or to request additional time in which to do so.

Charge Two alleges that the respondent failed to reregister as an attorney with the Office of Court Administration (hereinafter OCA), as required by Judiciary Law § 468-a, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

As an attorney admitted to practice in New York, the respondent is required to file a biennial registration statement with OCA and to pay the designated fee within 30 days of his birthday, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. The respondent failed to reregister with OCA and to pay the required fee for the 2003-2004 and 2005-2006 registration periods.

The respondent failed to submit an answer or appear at the disciplinary hearing. The respondent is in default and the charges are deemed admitted. Moreover, the Special Referee's findings were amply supported by the evidence adduced during the disciplinary proceeding. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

Although the respondent has no prior disciplinary history, his failures to reregister and to cooperate with the Grievance Com-

mittee's investigation are indicative of the lack of value he has accorded to his law practice. Under the circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated June 2, 2006.

PRUDENTI, P.J., SCHMIDT, CRANE, MASTRO and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Joseph G. Amato, is suspended from the practice of law for a period of two years, commencing immediately, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated June 2, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Joseph G. Amato, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Joseph G. Amato has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Joseph G. Amato shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).